## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| S. S., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 2:18-cv-402** |
| | § | |
| **AETNA LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff S. S. ("Plaintiff") sets forth herein the allegations of her Complaint against Defendant Aetna Life Insurance Company ("Defendant").

## PARTIES

1.      Plaintiff is an individual who is and was at all times relevant, a resident of Tyler, Texas.  Plaintiff was at all times relevant a beneficiary under an employee benefit group health plan (the "Plan") administered and underwritten by Defendant.

2.      Defendant is an insurance company licensed to transact business in Texas. Defendant transacts business in this judicial district and can be found in this judicial district.  The Plan benefits were funded by insurance policy number 450512-011-00002, issued by Defendant. The member identification number for the plan participant is W243173598 and the case number is 2018061302744.

## JURISDICTION AND VENUE

3.      This action involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.* (hereinafter "ERISA").  This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g).

4.      Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.  This action is brought to obtain benefits under the terms of an employee benefit plan, to enforce Plaintiff's rights under the terms of an employee benefit plan, and to remedy fiduciary breaches.  Plaintiff seeks relief, including but not limited to: payment of plan benefits, other appropriate equitable relief to remedy fiduciary breaches, prejudgment and post-judgment interest, and attorneys' fees and costs.

5.      Venue is proper within the Eastern District of Texas pursuant to 29 U.S.C. § 1132(e)(2) because the claims at issue herein were administered in this judicial district and Defendant can be found in this judicial district.

## FACTUAL ALLEGATIONS

6.      S. S. is a 23-year-old woman with a long-standing history of anxiety, who has suffered from an eating disorder since 2013.  At that time, she began to severely restrict both the type and amount of food she would eat and to significantly over-exercise.

7.      During the following five years, S. S. struggled to appropriately address her symptoms and, despite seeing a therapist and receiving other out-patient medical treatment, her physical and mental health deteriorated.  Among other serious medical problems, she became depressed and began to suffer from related physical symptoms, including prolonged QTC, severe bradycardia, tachycardia, orthostatic hypotension, dizziness, shortness of breath, chest pain and cyanosis, and a head injury when she passed out in the spring of 2018.

8.      Finally, on the advice of her treatment team, including a physician in Houston renowned for treating patients with eating disorders, S. S. sought residential treatment of her eating disorder and associated mental and physical symptoms at Avalon Hills Treatment Center ("Avalon Hills"), a treatment facility in Utah, specializing in patients with eating disorders in June of 2018.  S. S. was admitted to Avalon Hills on June 4, 2018.

9.      The Plan under which S. S. is a beneficiary covers medically necessary mental health services, including treatment at a residential facility.  Under the definition in the Plan's

Glossary, a residential treatment facility must be "licensed" under "applicable federal and state laws." The Glossary also requires that such a facility be "credentialed by **Aetna** or is accredited by one the following [enumerated] agencies, commissions or committees," including "The Joint Commission (TJC)." The Glossary definition also requires that the facility meet four additional requirements: (1) "a behavioral health provider must be actively on duty 24 hours per day for 7 days a week;" (2) "the patient must be treated by a psychiatrist at least once a week;" (3) "the medical director must be a psychiatrist;" and (4) the facility must not be a wilderness treatment program. The Plan defines behavioral health provider as "[a]n individual that is properly licensed or certified to provide diagnostic and/or therapeutic services for **mental disorders** . . . under the laws of the jurisdiction where the individual practices." The Plan's definition of psychiatrist simply states that "[a] **psychiatrist** generally provides evaluation and treatment of mental, emotional, or behavioral disorders."

10. After a representative from Avalon Hills sought to pre-authorize S. S.'s treatment, Aetna sent S. S. a denial letter dated June 1, 2018, but not faxed to S. S. and her family until June 7, 2018. This letter stated that the residential mental health services S. S. sought "has been denied for the following reason(s): Case is administratively denied as not a covered service. The following specific out-of-network Residential Treatment Center criteria or provisions were not met: Medical director is not a psychiatrist." This letter gave no other reason for the denial of benefits, nor did it offer a different residential treatment facility that met the cited "criteria or provisions."

11. S. S. and her family requested expedited review, protesting that Aetna was not able to refer S. S. to any residential treatment facility in Texas or elsewhere after the family repeatedly sought Aetna's help, through Aetna's help line and by speaking to an Aetna nurse practitioner. They also pointed out that the Avalon Hills representative who sought to pre-authorize S. S.'s treatment was told by an Aetna representative on the phone that S. S.'s Plan did not require the

medical director of the residential facility to be a psychiatrist, but merely required that the director be a medical doctor.

12.     Nevertheless, by letter dated June 13, 2018, Aetna upheld its "previous determination" that the "Residential treatment services with non-participating provider, Avalon Hills Residential Treatment Center" was "not a covered benefit" under S. S.'s Plan.  The letter instructed S. S. to "refer to the Summary Plan Description" (SPD), and then quoted the paragraph-long definition of "Residential treatment facility (mental disorders)" set forth in the "Glossary" section of the SPD.  The letter did not specify which, if any, of these requirements it viewed Avalon Hills as failing to meet.

13.     The denial letter then stated, without citation, that:

> Under the plan, benefits are not available for out-of-network residential programs unless (among other requirements) they have an on-site licensed behavioral health provider 24-hours per day/7 days per week, patients are admitted by a physician with evidence of close and frequent observation and on-site and a licensed behavioral health provider, medical or substance abuse professional 24-hours per day/7 days per week.  The member was admitted to this program with a staffing pattern inconsistent with the contract requirements.  There is therefore no coverage.  The member may refer to the Summary Plan Description or Member Handbook for specific details regarding their health care benefit coverage.  This denial of coverage is based solely upon the reasons set forth above.  No other basis for exclusion (e.g., medical necessity of the service or supply) that may be applicable to the circumstances was evaluated at this time.

The letter did not specify which of these requirements it viewed Avalon Hills as failing to meet.

14.     In fact, Avalon Hills meets all of the requirements set forth in the Plan's definition of "residential treatment facility."  First, Avalon Hills is both licensed by the State of Utah, and credentialed by TJC, and therefore need not be separately credentialed by Aetna.  Second, individuals who are licensed and certified by Utah to provide diagnostic and therapeutic treatment of eating disorders, and who thus meet the Plan's definition of behavioral health providers, are actively on duty round the clock.  Third, S. S., like all patients at Avalon Hills, was treated daily by individuals who were licensed and qualified to "provide[] evaluation and treatment of mental,

emotional, or behavioral disorders," and who thus meet the Plan's broad definition of "psychiatrist."  Fourth, the medical director of Avalon Hills is a highly-skilled pediatrician who specializes in the treatment of eating disorders and therefore also meets the Plan's definition of "psychiatrist."  Fifth, Avalon Hills is not a wilderness treatment program.  Finally, although there is no requirement in the Plan that patients be admitted by a physician, in fact, the medical director of Avalon Hills, who is a pediatrician and thus a physician, was involved in admitting S. S.

## FIRST CAUSE OF ACTION

## FOR IMPROPER DENIAL OF PLAN BENEFITS UNDER ERISA

15.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

16.    Plaintiff is informed and believes and thereon alleges that she is entitled, under the terms of the Plan, to coverage of the costs of her residential treatment at Avalon Hills, and that Defendant wrongfully denied her claim for benefits.

17.    Following the denial of her claim for benefits under the Plan, Plaintiff, as described above, exhausted all administrative remedies required under ERISA and performed all duties and obligations on her part to be performed.

18.    As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred for the treatment, in a total sum to be proved at the time of trial.

19.    As a further direct and proximate result of this improper determination regarding the medical claim, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs.  Pursuant to 29 U.S.C. § 1132(g)(l), Plaintiff is entitled to have such fees and costs paid by Defendant.

20.    Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights to benefits under the terms of the Plan.

## SECOND CAUSE OF ACTION

## FOR VIOLATIONS OF 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1

21.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

22.     ERISA Section 503 requires plans to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant," and to provide "full and fair review" of any denial by an "appropriate named fiduciary."  29 U.S.C. § 1133.  The claims regulation promulgated by the Department of Labor fleshes out these requirements by mandating, among other things, that any denial notice inform the claimant of the "specific reason or reasons for" the denial, refer to the "specific plan provisions on which the determination is based," and inform the claimant of any "internal rule, guideline, protocol or criteria" that was relied upon.  29 C.F.R. § 2560.503-1(g)(1)(i), (ii), (v)(A).

23.     The claims denials in this case failed to meet these and other requirements, and consequently violated Section 503 and the claims regulation.

24.     As a direct and proximate result of these actions, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff, pursuant to 29 U.S.C. §1132(a)(3), an injunction requiring Aetna to follow ERISA Section 503 and the claims regulation in making future benefit determinations.

## THIRD CAUSE OF ACTION

## FOR BREACH OF FIDUCIARY DUTY UNDER 29 U.S.C. § 1104

25.     In making the benefit determinations in this case, Aetna was acting as an ERISA fiduciary, subject to ERISA's strict duties of prudence and loyalty.  29 U.S.C. § 1104; *see Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008).

26.     Upon information and belief, Aetna violated these duties by, among other things, (1) failing to assist S. S. and her family in obtaining needed residential treatment of her life-

threatening eating disorder; and (2) applying impossible-to-meet criteria not set forth in Plaintiff's Plan to defeat her claim to medically necessary residential treatment of her eating disorder.

27.    As a direct and proximate result of these actions, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. §1132(a)(3):

    a.    An injunction requiring Aetna to assist Plan participants and beneficiaries in obtaining residential treatment of eating disorders as promised in the Plan;

    b.    An injunction requiring Aetna to follow the terms of the Plan in making future benefit determinations and to refrain from applying internal guidelines inconsistent with the terms of the Plan and the requirements of ERISA; and

    c.    Such other appropriate equitable relief as the Court deems necessary and proper to protect the interests of Plaintiff under the Plan.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant AETNA LIFE INSURANCE COMPANY, as follows:

1.    An order requiring payment of all health care benefits due to Plaintiff under the Plan.

2.    Injunctive relief ordering Aetna, and any person or entity purporting to be acting for Aetna, to follow ERISA Section 503 and the claims regulation in making benefit determinations under the Plan and in informing claimants of the basis for that determination.

3.    Injunctive and other equitable relief requiring Aetna, and any person or entity purporting to be acting for Aetna, to follow the terms of the Plan in making benefit determinations and to refrain from applying internal guidelines inconsistent with the terms of the Plan and the requirements of ERISA.

4.    Payment of pre-judgment and post-judgement interest as allowed under ERISA.

5.    Payment of all costs and reasonable attorneys' fees incurred in pursuing this action, pursuant to 29 U.S.C. § 1132(g).

6.    For such other relief as the Court deems just and proper.

Dated:  September 21, 2018.

<div style="margin-left:40%">

Respectfully submitted,

 /s/  *Bernard A. Guerrini*
Bernard A. Guerrini, Attorney in Charge
State Bar No. 08581700
guerrinipc@erisaltd.com

John L. Thompson
State Bar No. 90001820
jlt@erisaltd.com

GUERRINI & THOMPSON, P.C.
6500 Greenville Avenue, Suite 320
Dallas, Texas 75206
Tel:  (214) 692-6556
Fax:  (214) 692-6578

**ATTORNEYS FOR PLAINTIFF**

</div>